UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ARAFAT ABDI OMAR, </br></br> Plaintiff </br></br> v. </br></br> MAINE DEPARTMENT </br> OF HEALTH AND </br> HUMAN SERVICES et al., </br></br> Defendants | ) </br> ) </br> ) </br> ) </br> ) No. 2:25-cv-00065-SDN </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## RECOMMENDED DISMISSAL

Because I granted Arafat Abdi Omar's application to proceed *in forma pauperis, see* Order (ECF No. 4), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (stating that when a party proceeds *in forma pauperis*, a court "shall dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant . . . immune from such relief").

Omar brings claims against the Maine Department of Health and Human Services (DHHS) and three of its agents, the Maine Bureau of Motor Vehicles (BMV), and Judge Sarah Churchill of the Maine District Court, seeking damages and injunctive relief on the basis of the following allegations:

> Under Title 18 U.S.C 1001 conveyance of fictitious language, The State of MAINE DHHS has deprived me of my constitutional protected right to unlimited contract willingly with full disclosure. Blessing vs Freestone supreme court case proves that child support is not intended to support the child but intended to benefit the state. Using False or Misleading Representation Title 15 U.S.C 1692e. I seek remedy from

1

> Title 15 U.S.C 78FF for $25,000,000 since The State of Maine and DHHS are not a natural person.
>
> Under Title 18 U.S.C 1341, The State of Maine and DHHS have committed mail fraud by sending Statement of account every month since October 2019 and asking for money to be sent to the TREASURER, STATE OF MAINE. I seek relief for 1,000,000 in an attempt to extort money thru the mail system.
>
> 42 U.S.C 1301(d) which states that no federal official, agent, or representative can take charge of a child under this chapter against the objection of either parent.
>
> 28 U.S.C Sec 455 disqualification of justice, [J]udge Sarah Churchill committed misconduct in the January 26, 2023 case hearing involving both child support cases and acted as an attorney for the state stopping me from bring correctness to court Title 18 U.S.C 242 Deprivation of Rights. I seek relief in the form of $15,000.
>
> The supreme court has recognized a drivers license as a constitutionally protected interest. I allege that State of Maine DMV officials unconstitutionally deprived me of this important interest by automatically suspending my drive license without providing proof of Child Support authority to force me into an agreement without disclosure of legal consequence. I seek relief from the court for $10,000 for each occurrence of emotional distress, Fear or Anxiety for which it has caused me.
>
> On or about October 14 2019 Jessica Burdin, April 15, 2022 by Danielle G Nadeau & Holy Fortin filled or prepared fraudulent child support cases committing perjury.  I seek relief from the court for $5,000 each,

Affidavit of Arafat Abdi Omar (ECF No. 2) ¶¶ 1-6; Complaint at 1-6.

Omar's claims against Judge Churchill, the Maine DHHS, and the Maine BMV are subject to dismissal because each of these defendants is immune from suit. *See Marcello v. Maine*, 468 F. Supp. 2d 221, 225 (D. Me. 2007) (explaining that the judicial immunity doctrine, which renders judges immune from liability for damages arising out of actions taken in an official capacity, extends to suits against judges in

both their individual and official capacities); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity regardless of the relief sought." (cleaned up)).

Omar's claims against the Maine DHHS agents fare no better because he fails to make any nonconclusory allegations sufficient to satisfy the pleading standard. *See Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.) (noting that a pro se complaint must contain "the crucial detail of who, what, when, where, and how" in order to state a claim), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020); *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (noting that conclusory "the-defendant-unlawfully-harmed-me" allegations "should not be given credence when standing alone").

Finally, to the extent it can be inferred that Omar is challenging a child support judgment entered against him in a state court proceeding, this Court lacks subject matter jurisdiction over such a claim under the *Rooker-Feldman* doctrine, which precludes lower federal courts from entertaining suits where the plaintiff seeks relief that would require vacating or invalidating a state court judgment. *See Lance v. Dennis,* 546 U.S. 459, 460 (2006) (citations omitted); *Austin v. Stavros*, No. 2:18-cv-00247-GZS, 2018 WL 3105779, at *1-2 (D. Me. June 25, 2018) (rec. dec.) (dismissing a plaintiff's request to determine the validity of a child support judgment entered against him in state court pursuant to the *Rooker-Feldman* doctrine), *aff'd*, 2018 WL 3352640 (D. Me. July 9, 2018).

For the foregoing reasons, I recommend that the Court **DISMISS** Omar's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: April 4, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge
