UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ARAFAT ABDI OMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:25-cv-00065-SDN |
| | ) |
| STATE OF MAINE DHHS et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **ORDER**

Plaintiff Arafat Abdi Omar sued the Maine Department of Health and Human Services, the Maine Bureau of Motor Vehicles, and various other governmental defendants, over the suspension of his driver's license for failure to pay child support. On April 4, 2025, the Magistrate Judge recommended dismissing Plaintiff's complaint after preliminary review. ECF No. 5; *see* 28 U.S.C. § 1915(e)(2)(B). No party objected before the time limit expired on April 18, 2025. Accordingly, after reviewing and considering the Magistrate Judge's recommendation, I affirmed and adopted her Recommended Decision and dismissed Mr. Omar's complaint on May 5th, 2025. ECF No. 6. The Clerk entered Judgment of Dismissal on the same day. ECF No. 7.

Now, two months after the Magistrate Judge recommended that I dismiss Mr. Omar's complaint, and one month after I did so, he moves to reopen the case. ECF No. 8. Mr. Omar bases his request for relief on his assertion that he was on vacation during the months of April and May, so he did not see any of court filings during that time. I construe Mr. Omar's motion as a request for relief from judgment under Federal Rule of Civil Procedure 60(b).

1

Rule 60(b) permits federal courts "to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 41 (1st Cir. 2015) (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19 (1st Cir.1992)). Relief may be granted for "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "[A] party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002).

Mr. Omar's actions, or lack thereof, do not constitute excusable neglect. Litigants in federal court have a "duty to take the legal steps that are necessary to protect [their] own interests." *Cotto v. United States*, 993 F.2d 274, 278 (1st Cir. 1993). That duty applies whether a litigant has counsel or represents themselves. *See id.*; *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002) (pro se litigant not entitled to relief under Rule 60(b)(6) when case was dismissed due to their negligent failure to inform court of change in address). Having just filed a case in federal court, Mr. Omar could have taken any number of steps to stay apprised of court orders while away on a two-month vacation. His failure to do so does not constitute excusable neglect, nor does it justify relief for any other reason.

Therefore, I deny his motion to reopen.

**SO ORDERED.**

Dated this 11th day of June, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**